**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO:**

MANUEL AGUILA,

    Plaintiff,

    v.

RATEL USA, INC., a Florida for-profit
corporation, XIN F. HUANG, individually,
JARLIN CABINET DISTRIBUTOR, LLC,
a Florida limited liability company,

    Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, MANUEL AGUILA ("Plaintiff") pursuant to 29 U.S.C. § 216(b) files the following Complaint for Damages and Demand for Jury Trial against Defendants, RATEL USA, INC. ("RATEL"), XIN F. HUANG ("XIN"), individually, and JARLIN CABINET DISTRIBUTOR, LLC ("JARLIN") and alleges the following:

**INTRODUCTION**

1. Defendants misclassified Plaintiff an independent contractor in order to avoid federal overtime wage obligations under the Fair Labor Standards Act ("FLSA"). As a result of the intentional misclassification of its employees, Defendants deprived Plaintiff of federal overtime wages during his employment period. This action arises under the FLSA, pursuant to 29 U.S.C. §§ 201–216, to recover all overtime wages that Defendants refused to pay Plaintiff during his employment.

## **PARTIES**

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris.*

3. During all times material hereto, Defendant RATEL was a Florida for-profit corporation located and transacting business within Broward County, Florida, within the jurisdiction of this Honorable Court.

4. Defendant, RATEL, is headquartered at 3199 SW 42nd St. Fort Lauderdale, FL 33312.[1]

5. Defendant, RATEL, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

6. During all times material hereto, Defendant RATEL was vested with control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices as it pertained to Plaintiff.

7. During all times material hereto, Defendant JARLIN was a Florida limited liability company located and transacting business within Broward County, Florida, within the jurisdiction of this Honorable Court.

8. Defendant, JARLIN, is headquartered at 3430 Davie Rd., Davie, FL 33314.

9. Defendant, JARLIN, was also Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

10. During all times material hereto, Defendant JARLIN was vested with control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices as it pertained to Plaintiff.

---

[1] Defendant, RATEL, also operates out of Defendant, JARLIN's headquarters, located at 3430 Davie Rd., Davie, FL 33314.

11. Upon information and belief, Defendant, XIN, resides in Broward County, Florida.

12. Defendant, XIN, was an owner, member, and corporate officer of Defendant RATEL during the relevant time period and controlled the day-to-day operations of Defendant RATEL.

13. During all times material hereto, XIN exercised control of RATEL's payroll operations, hiring, firing, and scheduling.

14. Furthermore, during all times material hereto, XIN was an agent JARLIN with the authority to hire, fire and schedule employees to work, including Plaintiff.

15. Moreover, during all times material hereto, XIN maintained control of the day-to-day operations of Defendant, JARLIN.

16. During all times material hereto, Defendant, XIN, was the registered agent for both RATEL and JARLIN within Broward County, Florida.

17. Defendant, XIN, was Plaintiff's employer, as defined by 29 U.S.C. 203(d), during all times pertinent to the allegations herein.

18. Defendants, RATEL, JARLIN and XIN were Plaintiff's joint employers, as that term is defined by the FLSA and pertinent regulations.

## JURISDICTION AND VENUE

19. All acts and/or omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

20. Defendants, RATEL and JARLIN, are headquartered and regularly transact business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

21. Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

22. Defendant, RATEL, sells bathroom and kitchen appliances.

23. Defendant, JARLIN, also sells bathroom and kitchen appliances.

24. During all times material hereto, XIN oversaw the operations of both RATEL and JARLIN on a day-to-day basis.

25. Moreover, during all times material hereto, XIN regularly required Plaintiff to perform duties on behalf of both RATEL and JARLIN.

26. Defendants RATEL, JARLIN and XIN employ individuals like Plaintiff to work as non-exempt Salesmen, Delivery and Warehouse drivers.

27. However, Defendants RATEL, JARLIN and XIN misclassify individuals such as Plaintiff as independent contractors (instead of correctly classifying them as employees) to avoid tax liabilities and federal overtime wage laws.

## FLSA COVERAGE

28. Defendant, RATEL, is covered under the FLSA through enterprise coverage, as RATEL was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, RATEL engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. RATEL's business and Plaintiff's work for RATEL affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

29. During his employment with RATEL, Plaintiff, and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: hand tools, telephones, pens, notepads, computers, cellular telephones, vans, order forms, undermount sinks, top mount sinks, apron-front sinks, ceramic kitchen sinks, granite sinks, fire clay farm sinks, pull down faucets, bar faucets, commercial style faucets, soap dispensers, strainers, kitchen accessories, handles, toilets, vanities, drains, tissue holders, frameless mirrors, LED mirrors, bathtubs, bathtub fillers, shower systems, drain systems, shower panels, shower heads, shower arms, shower doors, cabinets, doors, and other bathroom and kitchen appliances.

30. RATEL also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making RATEL's business an enterprise covered by the FLSA.

31. Upon information and belief, Defendant RATEL grossed or did business in excess of $500,000.00 during the years of 2019, 2020, and is expected to gross in excess of $500,000.00 in 2021.

32. Defendant, JARLIN, is also covered under the FLSA through enterprise coverage, as JARLIN was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, JARLIN engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. JARLIN's business and Plaintiff's work for JARLIN affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

33. During his employment with JARLIN, Plaintiff, and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: hand tools, telephones, pens, notepads, computers, cellular telephones, vans, order forms, undermount sinks, top mount sinks, apron-front sinks, ceramic kitchen sinks, granite sinks, fire clay farm sinks, pull down faucets, bar faucets, commercial style faucets, soap dispensers, strainers, kitchen accessories, handles, toilets, vanities, drains, tissue holders, frameless mirrors, LED mirrors, bathtubs, bathtub fillers, shower systems, drain systems, shower panels, shower heads, shower arms, shower doors, cabinets, doors, and other bathroom and kitchen appliances.

34. JARLIN also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making JARLIN's business an enterprise covered by the FLSA.

35. Upon information and belief, Defendant JARLIN grossed or did business in excess of $500,000.00 during the years of 2018, 2019, 2020, and is expected to gross in excess of $500,000.00 in 2021.

36. During his employment with Defendants, Plaintiff (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals; (iii) did not make any decisions of importance on behalf of Defendants, and (iv) was not required to possess any advanced training, skill, or prolonged education in order to perform any of his primary duties and responsibilities.

37. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, within the meaning of the FLSA.

**JOINT ENTERPRISE COVERAGE**

38. During all times material hereto, Defendants RATEL and JARLIN performed substantially related business activities, as both corporate entities focused their operation on selling kitchen and bathroom devices and appliances throughout South Florida.

39. Defendants, RATEL and JARLIN used central management and/or common control to effectuate the business needs of both entities.

40. Moreover, during all times material hereto, Defendants, RATEL and JARLIN, were engaged in offering substantially the same or similar goods and services to their customers.

41. Defendants, RATEL and JARLIN also shared a common business purpose during all times material hereto.

42. During all times material hereto, Defendant, RATEL used JARLIN's assistance in its operations and vice-versa.

43. During times material hereto, supervisors for JARLIN managed and supervised RATEL employees, including Plaintiff, and vice-versa.

44. Upon information and belief, the gross revenue of Defendants, RATEL and JARLIN, was collectively in excess of $500,000.00 in 2018, 2019, 2020 and are expected to collectively gross in excess of $500,000.00 in 2021.

45. Defendants, RATEL and JARLIN intermingle resources, finances, employees, contractors, and supplies to provide goods, services and resources to their customers and clients.

46. During all time periods hereto, Defendants, RATEL and JARLIN, maintained control over the day-to-day operations of each other, including the payroll, human resources, hiring, firing, and scheduling of their employees' duties (including Plaintiff).

**PLAINTIFF'S WORK FOR DEFENDANTS**

47.     Plaintiff began working as a Sales, Delivery and Warehouse employee for Defendants in March 2021 and is still employed by Defendants as of the date of filing this lawsuit.

48.     Defendants initially compensated Plaintiff $450 per week. Defendants increased Plaintiff's compensation to $550 per week in or around May 2021.

49.     During Plaintiff's employment period, Plaintiff worked approximately fifty (50) hours per week.

50.     However, Defendants refuse to pay Plaintiff overtime wages when he works more than forty (40) hours in a workweek. This is despite Defendants exercising significant control over the nature and degree of the work performed by Plaintiff, and despite Plaintiff holding primary duties and responsibilities which are non-exempt.

51.     Moreover, the economic reality of Plaintiff's relationship with Defendants demonstrates that he was economically dependent upon Defendants for his work. Defendants schedule Plaintiff to work for them as a Sales, Delivery and Warehouse employee on a weekly basis.

52.     Plaintiff's primary duty is to deliver kitchen and bathroom materials and appliances to Defendants' customers. Plaintiff uses Defendants' company van to make these deliveries. Defendants provide Plaintiff with the tools and equipment needed for Plaintiff to perform his job, including a company uniform and company business cards. A copy of Plaintiff's company business card, which lists both RATEL and JARLIN as Plaintiff's employer, is provided below:



53. Furthermore, Plaintiff uses a company cell phone to communicate with Defendants and their customers. Plaintiff was not required to invest a substantial amount of equipment or materials to perform his job for Defendants.

54. In addition, Plaintiff does have an opportunity for profit or loss outside of his relationship with Defendants.

55. Also, Defendants did not require Plaintiff to possess any special skills that would outweigh any other factor in determining that he was Defendants' employee as opposed to independent contractor.

56. Plaintiff's duties and responsibilities for Defendants was/is integral to Defendants' business and operations.

57. Defendants regularly required Plaintiff to work in excess of forty (40) hours per week without being compensated at time-and-one-half his regular hourly rate for this overtime work performed.

58. Notwithstanding Plaintiff's non-exempt duties and non-exempt status, Defendants paid Plaintiff $450 per week from in or around March 2021 until in or around May 2021, and $550 per week from in or around May 2021 through the present.

59. Accordingly, because Plaintiff works about fifty (50) hours per week for Defendants, they owe Plaintiff half-time his regular hourly rate for approximately ten (10) hours of work per week.

60. During the relevant time period, Defendants failed to comply with the record-keeping requirements under FLSA.

61. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

## **COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207**
**(Against all Defendants)**

62. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 61 as though set forth fully herein.

63. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

64. Defendants refused to pay Plaintiff one-and-one-half times his regular hourly rate for all hours he worked over forty (40) in one or more weeks of his employment.

65. Plaintiff therefore claims the applicable federal overtime wage rate for all of the unpaid hours over forty (40) that he worked during her employment.

66. Defendants willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendants knew or should have known of the FLSA's overtime wage requirements.

67. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

68. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

69. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, MANUEL AGUILA, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, , RATEL USA, INC. , XIN F. HUANG and JARLIN CABINET DISTRIBUTOR, LLC, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, MANUEL AGUILA, requests and demands a trial by jury on all appropriate claims.

**Dated this 16th day of July 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on July 16, 2021.

> By: */s/ Jordan Richards*
> JORDAN RICHARDS, ESQUIRE
> Florida Bar No. 108372

## SERVICE LIST: